IN THE DISTRICT COURT OF PAWNEE COUNTY
STATE OF OLKAHOMA

FILED
In the District Court
PAWNEE COUNTY, OKLAHOMA
DEC 01 2017
JANET DALLAS, Court Clerk
BY_____ DEPUTY

| | |
|---|---|
| 1) CATHERINE D. CARTER, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CJ-17-99 |
| vs. ) | Attorney Lien Claimed |
| ) | |
| 1) CLEVELAND AREA HOSPITAL ), | |
| AUTHORITY, a domestic public trust, ) | **DEFENDANT'S EXHIBIT 1** |
| ) | |
| Defendant. ) | |
| ) | |

## PETITION

COMES NOW the Plaintiff, Catherine D. Carter, by and through his attorneys of record, Daniel E. Smolen and Lauren G. Lambright of SMOLEN SMOLEN & ROYTMAN, PLLC, and bring this action against the Defendant, the Cleveland Area Hospital Authority, for violations of her statutorily protected rights arising out of her employment with said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Carter is a citizen of the United States of America and resident of Pawnee County, Oklahoma.

2. Defendant Cleveland Area Hospital Authority is a public trust registered with the Secretary of State in Oklahoma and conducting regular business in Pawnee County, Oklahoma.

3. The incidents and occurrences that form the basis for Plaintiff's action occurred in Pawnee County, State of Oklahoma.

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of retaliation in violation of Title VII. On September 6, 2017, Plaintiff received a Notice of Right to Sue and this Petition has been filed within ninety (90) days of the receipt of the Notice. As such, all conditions precedent to the filing of this lawsuit has been fulfilled.

5. This Court has jurisdiction and venue is proper in Pawnee County, State of Oklahoma.

6. Plaintiff brings this action for damages under Title VII of the Civil Rights Act of 1964, as amended by 42 U.S. C. §2000e et seq. ("Title VII"), providing relief against discrimination in employment on the basis of retaliation for opposing gender discrimination and a hostile work environment.

7. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, et seq., and 290 U.S.C. § 216(b).

8. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. §2000e, et. seq.

## STATEMENT OF FACTS

9. Plaintiff Carter incorporates as if realleged Paragraphs 1-8.

10. Plaintiff. Carter began her employment with the Defendant on January 5, 2015 as Vice President.

11. At all times, Plaintiff Carter performed her duties in a satisfactory manner.

12. On or around August 20, 2016, Plaintiff was informed that an employee, Tammy Lowery, was in fear of losing her job after the Defendant's CEO, Edred Benton, made inappropriate advances toward Tammy and created a hostile work environment.

13. On or around September 1, 2016, Plaintiff met with the Human Resources ("HR") Director, Lee Bayouth, and informed her of the accusations of sexual harassment.

14. On or around September 15, 2016, Plaintiff was called into Mr. Benton's office and, in the presence of HR Director Bayouth, was questioned by Mr. Benton about her report to HR and her belief that Benton had violated employment laws.

15. After the meeting on or around September 15, 2016, Edred Benton was out of town from approximately September 23 to October 2, 2016. Upon Mr. Benton's return, Plaintiff was told her position was being eliminated and she would need to resign or her dismissal would be considered a termination. The Plaintiff refused to resign, as she had done nothing wrong.

16. After Plaintiff was discharged, Defendant hired two new employees to work as business managers to do the work Plaintiff had previously performed.

17. Due to her position in opposition to perceived sexual harassment of a fellow employee, Plaintiff Catherine Carter was subjected to discriminatory and adverse employment actions by the Defendant, and in particular her supervisor and the CEO, Edred Benton, and was ultimately terminated by the Defendants on or around October 7, 2016.

### FIRST CLAIM FOR RELIEF
### RETALIATION IN VIOLATION OF TITLE VII

18. Plaintiff incorporates the preceding paragraph as if realleged.

19. By subjecting Plaintiff Carter to adverse employment actions and ultimately terminating her employment in retaliation for engaging in the protected activity of opposing gender discrimination and hostile work environment, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

a. Back pay and lost benefits; front pay until retirement;

b. Compensatory damages for her mental anguish, pain and suffering an other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing Plaintiff prays that this Court grant her the relief sought, including, but not limited to actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from the time of filing suit, liquidated damages in excess of Seventy-Five Thousand Dollars ($75,000), the costs of bringing this action, a reasonable attorney's fee, and such other relief as deemed just and equitable.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Daniel E. Smolen, (OBA #19943)
Lauren G. Lambright (OBA #22300)
701 South Cincinnati Avenue
Tulsa, OK 74119
Phone: (918) 585-2667
Facsimile: (918) 585 2669
*Attorneys for Plaintiff*